

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2009

# Philip Carroll v. Township of Mount La

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3156

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Philip Carroll v. Township of Mount La" (2009). *2009 Decisions.* Paper 1785.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1785

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3156
_____

PHILIP CARROLL,
                              Appellant
v.

TOWNSHIP OF MOUNT LAUREL

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-05515)
District Judge:  Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 25, 2009
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges

(Opinion filed: March 03, 2009)

OPINION
_____

PER CURIAM.

        Philip Carroll appeals from an order of the United States District Court for

the District of New Jersey granting the Township of Mount Laurel's motion for summary

judgment in an action seeking "redress" for an allegedly "uncompensated regulatory

taking of his private property."  We will affirm the District Court's order.

1

Because the District Court's ruling contains a thorough recitation of the facts, we will not discuss them in detail; rather, we will briefly describe the undisputed relevant events leading to this action. Carroll owns approximately 14 acres located between Route 38 and Union Mill Road in the Township of Mount Laurel, New Jersey. In September 2004, Carroll entered into an agreement to sell the property to the Township. The agreement was never consummated, however, because Carroll was unable to satisfy a condition of the sale, namely, receipt of a Letter of Interpretation ("LOI") from the New Jersey Department of Environmental Protection ("DEP"), "showing no greater degree of constraint caused by wetlands on the property than that shown" on prior environmental reports.[1]

In September 2005, the Township Council passed a "Resolution Creating a Preserved Corridor Along Portions of Union Mill Road" (the "resolution"), including Carroll's property. The resolution stated that the Township "is desirous of pursuing the preservation for the corridor along Union Mill Road . . . so that commercial development along State Highway 38 . . . cannot and does not negatively impact the largely residential corridor now existing at that location." Therefore, it was resolved that "it is the Policy of the Township . . . to protect this corridor . . . from incursion of commercial or non-

---

[1] "A letter of interpretation does not grant approval to conduct any regulated activities. The sole function of a letter of interpretation is to provide or confirm information about the presence or absence, boundaries, and/or resource value classification of freshwater wetlands, transition areas, and/or State open waters." N.J.A.C. § 7:7A-3.1(b)

2

residential development." The resolution indicated that the Township would "take immediate steps to notify property owners along this corridor that the Township is communicating with its open space consultant to define the proper amount of property along the . . . corridor to adequately protect Union Mill Road from commercial uses, including traffic and the noise therefrom." Finally, the resolution directed the Township Manager and Township Solicitor to "immediately communicate with the Township's open space consultant, . . . and proceed expeditiously with providing recommendations to the Township Council for action on this issue."

Just over a year later, Carroll filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the resolution effected an "uncompensated regulatory taking of his private property[,] . . . which has totally deprived him of all economically beneficial use of his land and economically impacted him by interfering with his legitimate and distinct investment-backed expectations for it." The Township filed a motion for summary judgment, arguing that Carroll's claim was not ripe for adjudication. The District Court agreed, and granted the Township's motion.[2] Carroll appealed.[3]

The Fifth Amendment, made applicable to state and local governments

---

[2] The District Court also dismissed as moot motions filed by Carroll seeking summary judgment and dismissal of a counterclaim filed by the Township. The Township had agreed to the dismissal of the counterclaim if its motion for summary judgment was granted.

[3] Our review of the District Court's ripeness determination is plenary. See Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 597 (3d Cir. 1998).

under the Fourteenth Amendment, proscribes the taking of private property for public use without just compensation.  U.S. CONST. amend. V, XIV; Cowell v. Palmer Township, 263 F.3d 286, 290 (3d Cir. 2001).  "The general rule at least is, that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking."  Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 415 (1922).  "A court cannot determine whether a regulation goes 'too far' unless it knows how far the regulation goes."  MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 348 (1986).  Consequently, a claim that the application of a government regulation effects a taking of a property interest is not ripe until (1) "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue," and (2) the property owner has "unsuccessfully attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation[,]" if those procedures are adequate.  Williamson Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 195 (1985).  These requirements "inform[] the constitutional determination whether a regulation has deprived a landowner of 'all economically beneficial use' of the property, . . . or defeated the reasonable investment-backed expectations of the landowner to the extent that a taking has occurred."  Palazzolo v. Rhode Island, 533 U.S. 606, 618 (2001) (internal citations omitted); see also Taylor Inv., Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1291 (3d Cir. 1993) ("This finality rule recognizes that, with respect to zoning disputes, a property

4

owner suffers no mature constitutional injury until the zoning authority defines the application of the zoning ordinance and defines the harm to the owner.").

Carroll claimed that, prior to the resolution, the property was zoned as an industrial district, in which residential uses are prohibited. He argued that by stating a policy of protecting the area in which his property is located "from incursion of commercial or non-residential development," the resolution effectively prohibited all uses (industrial, commercial, and residential) of his property.[4] Importantly, however, Carroll has not sought approval to develop the property, nor has he applied for variances from the perceived zoning restrictions. Indeed, the legal effect of the Township's resolution – which merely stated an intention to protect the area from commercial or non-residential development – is not clear. Because the extent of a restriction, if any, on the property is not known, a regulatory taking has not yet been established. See Palazzolo, 533 U.S. at 620-21 (recognizing that "[u]nder our ripeness rules a takings claim based on a law or regulation which is alleged to go too far in burdening property depends upon the landowner's first having followed reasonable and necessary steps to allow regulatory

---

[4] Carroll did not bring a facial challenge to the resolution, see County Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 165 (3d Cir. 2006) (stating that a facial attack on a zoning ordinance did not need to comply with the finality rule of Williamson County), nor did he argue that the resolution lacked a public purpose, see Carole Media LLC v. New Jersey Transit Corp., 550 F.3d 302, 308 (3d Cir. 2008) (holding that "unlike the Just Compensation Clause claim at issue in Williamson County, a Public Use Clause claim is ripe before the plaintiff seeks just compensation through state procedures because such 'proceedings do not supply the appropriate remedy.'") (citation omitted).

5

agencies to exercise their full discretion in considering development plans for the property, including the opportunity to grant any variances or waivers allowed by law."). Therefore, Carroll cannot at this time show a violation of the Just Compensation Clause, and the District Court properly granted summary judgment in favor of the Township.

Accordingly, we will affirm the District Court's order.