DLD-289                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-2092 and 12-2928
_____

PHILIP CARROLL,
                                        Appellant

v.

TOWNSHIP OF MOUNT LAUREL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-05515)
District Judge:  Honorable Noel L. Hillman

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 20, 2012
Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed October 4, 2012)
_____

OPINION
_____

PER CURIAM

        In 2006, Philip Carroll commenced an action pursuant to 42 U.S.C. § 1983 against

the Township of Mount Laurel, seeking redress for an allegedly uncompensated

regulatory taking of his property.  In particular, Carroll alleged that a Township

"Resolution" – which declared an intention to preserve the corridor on which Carroll's

property is located "from incursion of commercial or non-residential development" –

effected an "uncompensated regulatory taking of his private property." The United States

District Court for the District of New Jersey granted the Township's motion for summary

judgment, holding that Carroll's claim was not ripe for adjudication because he had not

sought from local government entities any available variances or permits regarding the

use of his property. See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank,

473 U.S. 172, 186, 195 (1985). We affirmed. Carroll v. Twp. of Mount Laurel, 315 F.

App'x 402 (3d Cir. 2009).

Carroll next filed an "Inverse Condemnation" action in the Superior Court of New

Jersey, Law Division, seeking compensation based on the Resolution. The Superior

Court dismissed the complaint. Carroll appealed. The Superior Court, Appellate

Division, affirmed, stating that the "complaint filed by [Carroll] in state court alleges no

action by defendant other than adoption of the Resolution." Carroll v. Township of

Mount Laurel, 2011 WL 650538 (N.J. Super. Ct. App. Div. Feb. 24, 2011) ("not[ing] that

[Carroll] is not precluded from challenging municipal action if there is a change of

circumstances that actually affects the use of [his] property."). The Supreme Court of

New Jersey denied certification. Carroll v. Township of Mount Laurel, 23 A.3d 413 (N.J.

2011) (table).

Thereafter, Carroll resumed his efforts to obtain relief in the District Court. In

particular, he filed a motion to reopen, arguing that he had a right to return to federal

court for adjudication of his claims pursuant to England v. Louisiana State Bd. of Med.

2

Exam'rs, 375 U.S. 411 (1964). Carroll also filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6). The District Court denied the motions, holding that Carroll's arguments did not provide adequate grounds for relief. Carroll appealed.[1]

The Supreme Court held in England that "when a federal court abstains from deciding a federal constitutional issue to enable the state courts to address an antecedent state-law issue, the plaintiff may reserve his right to return to federal court for the disposition of his federal claims." San Remo Hotel v. City & Cnty. of San Francisco, 545 U.S. 323, 339 (2005). England reservations, as they are known, have been permitted "in cases sent to state court to fulfill the ripeness requirements of Williamson County." R & J Holding Co. v. Redevelopment Auth. of Cnty. of Montgomery, 670 F.3d 420, 428 (3d Cir. 2011) (noting, however, that "the availability of an England reservation in the Williamson County context has been called into question by San Remo Hotel . . . ."). Under Williamson County, a claim that the application of a government regulation effects a taking of a property interest is not ripe until (1) "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue," and (2) the property owner has "unsuccessfully

---

[1] That appeal was docketed in this Court at C.A. No. 12-2092. Thereafter, the District Court denied Carroll's motion seeking an entry of default under Federal Rule of Civil Procedure 55. Carroll filed another notice of appeal. That appeal was docketed here as C.A. No. 12-2928. With respect to that appeal, we conclude that the District Court properly denied the Rule 55 motion. There is no merit to Carroll's argument that a default should have been entered in his favor because the Township had not responded to his Rule 60(b) motion.

3

attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation[,]" if those procedures are adequate. 473 U.S. at 195.

Here, Carroll attempted to obtain compensation in the "Inverse Condemnation" action that he filed in the Superior Court of New Jersey. In those proceedings, Carroll made an express England reservation. See Ivy Club v. Edwards, 943 F.2d 270, 287 (3d Cir. 1991) (stating that "[r]eservation of England rights must be timely and may be express or implied."). As the District Court concluded, however, even though Carroll returned to state court, his "claim remains unripe." Nothing in the present record indicates that Carroll has administratively challenged the application of the Resolution to his property. See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 92 n.7 (2d Cir. 2002) (holding that "claims are not ripe due to [appellant's] failure to apply for a variance and receive a 'final decision' from the Board."); see also County Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 164-66 (3d Cir. 2006) (discussing Williamson's "finality rule"). Furthermore, the state court did not adjudicate Carroll's claim on the merits. See Braun v. Ann Arbor Charter Twp., 519 F.3d 564, 570-71 (6th Cir. 2008) (holding that a plaintiffs' takings claim was not ripe for review where the state court "never explicitly reached the merits of their claim" and "no procedural bar existed to prevent review"). Under these circumstances, we conclude that the District Court properly denied Carroll's motion to reopen.

Furthermore, Carroll has failed to demonstrate that the District Court abused its discretion in denying his Rule 60(b) motion. Jackson v. Danberg, 656 F.3d 157, 162 (3d

4

Cir. 2011) (stating that "[w]e . . . review a district court's denial of a Rule 60(b) . . . motion to reopen for abuse of discretion."). In that motion, Carroll argued that the District Court, in granting the Township's motion for summary judgment, (1) erroneously stated that his property was not located within a "Business Development Overlay" zone and (2) improperly distinguished an order, issued in a separate but "factually analogous" action, brought against the Township. As the District Court noted, however, the location of Carroll's property in a "Business Development Overlay" zone is not relevant to whether his takings claim was ripe. Indeed, in granting the Township's motion for summary judgment, the District Court stated that "we need not reach the issue of what uses may have been permitted because [Carroll] has not shown that the resolution has the legal effect of restricting the use of the property."

Carroll's Rule 60(b) motion also relied on an order entered in <u>DiCristo Realty v. Township of Mount Laurel</u>, No. 02-cv-03868 (D.N.J.). In that order, the United States District Court for the District of New Jersey rejected as arbitrary the Township's basis for reversing two conditional use variances. Here, however, the relevant issue is whether Carroll's takings claim is ripe, not whether the Township properly rejected a variance request. As noted above, it does not appear in the record before us that Carroll either sought, or was denied, a variance. Furthermore, even if the order in <u>DiCristo</u> was germane to the facts of Carroll's case, that order had no precedential effect. <u>See</u> <u>Threadgill v. Armstrong World Indus., Inc.</u>, 928 F.2d 1366, 1371 (3d Cir. 1991) (stating that "it is clear that there is no such thing as 'the law of the district.'"). Therefore, the

5

order in <u>DiCristo</u> has no bearing on the District Court's decision to grant the Township's motion for summary judgment in Carroll's case.

For the foregoing reasons, we will summarily affirm the judgment of the District Court.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.